Cateon, C. J.
delivered the opinion of the court.
We are of opinion, that in this cause, brought here by writ of error from the chancery court, the depositions and proofs copied into the transcipt, are no part of the record on which errors can be assigned. By the laws of England governing a court of chancery, the proceedings of that court are not records, nor were the proceedings of our courts of equity records previous to the act of 1801, ch. 6, =sec. 42, 45, 46. The parts of the proceedings in causes to be recorded, are bills, answers, pleas, demurrers, replications, issues of fact, verdicts therein, and decrees, together with all orders taken - in the cause, and entered on the order book, from day to day.
Looking to those parts of the record regularly before this court, nothing can be seen to authorize us to reverse the decree made for complainant in 1825.
Tt is insisted, that Mitchell elected the' lands previous tc *198 fifing his bill, and went for the tracts elected, and that the chancery court could not execute the covenant, by turning him over to other lands and a new selection; but that his bill must be dismissed, he be compelled again to elect, and then, if no conveyance be made, file another bill. The contract had been made the 16th March, 1811. To the end of April, 1811, Nicholson was to sell all’he chose of his two large tracts, and then Ireland was to select his thousand acres out of the residue; but Nicholson was to-leave Ireland’s thousand acres unsold. On the- 3d March, 1814, Mitchell filed his bill, having theretofore elected ten tracts, principally of the lands sold by Nicholson'after the-,first of May,. 1811, and before the filing of the bill. As-Ireland, or his assignee,-* could alone elect, not Nicholson, and circumstances had greatly changed during the time-Mitchell had the power to elect, and before he elected and filed his bill for a specific performance, the court rejected. Mitchell’s election, and ordered another to be made.
This we think well warranted by the circumstances of the case, and the rules governing a court of chancery. Maddox, in his Chancery Practice, 1 vol. 389, gives tire rule, that the court will not decree a specific performance, according to the letter of the covenant, where there has been a change of circumstances; but it seems, in such case, it will execute the covenant according to a conscientious modification of it, to do justice as circumstances will-permit.
The report of the commissioner, of the selection of the ten tracts, as selected and surveyed'pursuant to the decree of 1825, was excepted to, because the tracts were in irregular figures with more than four sides, much more than twice .as long as wide, and the lines not to the cardinal points. - The exception was overruled, and the report confirmed. We think the final decree on this report is erroneous, and must be reversed. The cause will be remanded to the chancery court, and another election be made, and the tracts surveyed to the cardinal points, with *199 wily four sides to each tract, and no tract to be more than twice as long as wide, unless it interferes with another tract heretofore conveyed or granted; when the general surveying laws of the state will be pursued.